RCC

FILED
JANUARY 18, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 429**

| | |
|---|---|
| STERLING R. GREEN, ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| v. ) | Judge _____ **JUDGE LINDBERG** |
| ) | **MAGISTRATE JUDGE DENLOW** |
| JULIO HERNANDEZ, DANIEL BERNAL, ) | Magistrate Judge _____ |
| JOSE MARROQUIN, WAYNE B. SILAS, ) | |
| MARCIE DOJUTREK, MARIO GONZALEZ, ) | JURY TRIAL DEMANDED |
| BOARD OF EDUCATION OF THE CITY OF ) | |
| CHICAGO, and CITY OF CHICAGO ) | |
| ) | |
| Defendants. ) | |

### CIVIL RIGHTS COMPLAINT

Plaintiff, STERLING R. GREEN, by and through his attorney, Irene K. Dymkar, and complaining against defendants, states as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

### JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiff, STERLING R. GREEN, was and is a citizen of the United States and resides within the jurisdiction of the court.

6. Plaintiff was a minor at the time of the occurrences stated herein, but is no longer a minor.

7. At all times herein mentioned, defendants JULIO HERNANDEZ (hereinafter HERNANDEZ), DANIEL BERNAL (hereinafter BERNAL), JOSE MARROQUIN (hereinafter MARROQUIN), WAYNE B. SILAS (hereinafter SILAS), MARCIE DOJUTREK (hereinafter DOJUTREK), and MARIO GONZALEZ (hereinafter GONZALEZ) were acting under color of state law.

8. At all times herein mentioned, defendants HERNANDEZ, BERNAL, MARROQUIN, and SILAS were acting as the employees or agents of the BOARD OF EDUCATION OF THE CITY OF CHICAGO. They are being sued in their individual capacity.

9. At all times hereing mentioned, defendants HERNANDEZ, BERNAL, MARROQUIN, DOJUTREK, and GONZALEZ were officers in the Chicago Police Department and were acting as employees or agents of defendant CITY OF CHICAGO. They are being sued in their individual capacity.

10. Defendant BOARD OF EDUCATION OF THE CITY OF CHICAGO (hereinafter BOARD) was and is a body politic and corporate, duly organized under the laws of the State of Illinois. The BOARD exercises supervision and jurisdiction and oversees the management and operations of the Chicago Public Schools.

11. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

12. On May 13, 2005, at approximately 2:00 PM, plaintiff, STERLING R. GREEN, a minor student at the time, was lawfully in Taft High School, a public school in Chicago located at 5625 North Natoma, Chicago, Illinois.

13. Defendants HERNANDEZ, BERNAL, and MARROQUIN, security guards and members of the Chicago Police Department, accused plaintiff of being out of dress code, seized plaintiff, and attempted to take off his hooded sweatshirt.

14. When said defendants seized plaintiff, it was without legal cause.

15. Said defendants fought with plaintiff and used excessive force.

16. Defendant SILAS, a dean at the school, as well as defendants DOJUTREK and GONZALEZ, failed to intervene to protect plaintiff.

17. Defendants HERNANDEZ, BERNAL, MARROQUIN, SILAS, DOJUTREK, and GONZALEZ placed plaintiff under custodial arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

18. Defendants HERNANDEZ, BERNAL, MARROQUIN, SILAS, DOJUTREK, and GONZALEZ caused the false charges of aggravated battery to be filed against plaintiff.

19. Plaintiff was booked, processed, and charged with aggravated battery, and incarcerated for a period of time.

20. Defendants HERNANDEZ, BERNAL, MARROQUIN, SILAS, DOJUTREK, and GONZALEZ caused a petition for adjudication of wardship to be filed and prosecuted against plaintiff in the Circuit Court of Cook County, falsely alleging that he was a delinquent minor in that he had committed the offense of aggravated battery.

21. An internal investigation by defendant BOARD resulted in a finding on or about January 24, 2006, that defendants HERNANDEZ, BERNAL, and MARROQUIN had used excessive force against plaintiff, STERLING R. GREEN.

22. Despite the finding of the BOARD, defendants HERNANDEZ, BERNAL, MARROQUIN, SILAS, DOJUTREK, and GONZALEZ continued the prosecution in the Circuit Court of Cook County for another year.

23. The aggravated battery charge against plaintiff was dismissed on January 19, 2007.

24. By reason of the above-described acts and omissions of the individual defendants, plaintiff sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to his damage.

25. The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

26.　By reason of the above-described acts and omissions of the individiual defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiff requests payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

### COUNT I
### Plaintiff Against Individual Defendants for False Arrest

27.　Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

28.　The stop, seizure, arrest, and incarceration of plaintiff for the purposes of charging him with a false crime were without probable cause and unreasonable.

29.　By reason of the conduct of the individual defendants, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT II
### Plaintiff Against Defendants HERNANDEZ, BERNAL, and MARROQUIN
### for Excessive Force

30.　Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

31.　The force used by defendants HERNANDEZ, BERNAL, and MARROQUIN was excessive, unnecessary, unreasonable, and without legal cause.

32. By reason of the conduct of these individual defendants, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants HERNANDEZ, BERNAL, and MARROQUIN, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**COUNT III**
**Plaintiff Against Defendants SILAS, DOJUTREK, and GONZALEZ for**
**Failure to Intervene**

33. Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

34. Defendants SILAS, DOJUTREK, and GONZALEZ had reason to know that plaintiff was arrested, subjected to excessive force, and charged falsely, unjustifiably and without legal cause.

35. Defendants had a reasonable opportunity to prevent said arrest, excessive force, and charging from occurring, but did not do so.

36. By reason of the conduct of defendants, plaintiff, STERLING R. GREEN, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants SILAS, DOJUTREK, and GONZALEZ, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT IV
### Plaintiff Against All Individual Defendants for Due Process Violations

37. Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

38. The individual defendants deprived plaintiff of fair court proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges, submitting false police reports, giving false information under oath, and otherwise acting to deny plaintiff fair proceedings.

39. These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

40. By reason of the conduct of the individual defendants, plaintiff was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT V
### Plaintiff Against All Defendants for the State Supplemental Claim of Malicious Prosecution

41. Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

42. The individual defendants maliciously caused criminal charges and a petition for wardship to be filed and prosecuted against plaintiff, STERLING R. GREEN. There was no probable cause for the institution of charges against plaintiff.

43. The court proceedings were commenced maliciously and continued maliciously, even after an internal investigation confirmed defendants' use of excessive force.

44. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written charges, and giving false information under oath.

45. Plaintiff was wrongfully incarcerated as a direct result of the prosecution of these charges.

46. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

47. The juvenile court proceedings were terminated in plaintiff's favor on January 19, 2007.

48. The individual defendants are liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

49. Defendant BOARD is liable pursuant to the doctrine of *respondeat superior*.

50 Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

WHEREFORE, plaintiff, STERLING R. GREEN, by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

> 1. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

2.      That defendants be required to pay plaintiff special damages,

3.      That defendants, except the BOARD and the CITY OF CHICAGO, be required to pay the plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

4.      That defendants, except the BOARD and the CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

5.      That defendants be required to pay plaintiff costs of the suit herein incurred, and

6.      That plaintiffs be granted such other and further relief as this Court may deem just and proper

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

Dated: January 18, 2008                                         /s Irene K. Dymkar
                                                                Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123