UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| STERLING R. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  08 C 429 |
| | ) | |
| v. | ) | Judge Lindberg |
| | ) | |
| JULIO HERNANDEZ, DANIEL BERNAL, | ) | |
| JOSE MARROQUIN, WAYNE B. SILAS, | ) | |
| MARCIE DOJUTREK, MARIO | ) | JURY TRIAL DEMANDED |
| GONZALEZ, BOARD OF EDUCATION | ) | |
| OF THE CITY OF CHICAGO, and CITY | ) | |
| OF CHICAGO, | ) | |

### DEFENDANT BOARD'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Board of Education of the City of Chicago ("Board"), through its attorneys, submits the following answer and affirmative defenses to plaintiff's complaint:

### First Defense

To the extent that plaintiff is entitled to recover damages from Defendant Board, his recovery should be limited, based on plaintiff's own conduct, by using the principals of comparative fault.

### Second Defense

To the extent that plaintiff is entitled to recover damages from Defendant Board, his recovery should be limited to the extent that he failed to properly mitigate his damages.

Answering the specific allegations of the complaint, Defendant Board admits, denies or otherwise avers as follows:

## NATURE OF CLAIM

1.      This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law.  Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

**ANSWER**:    **Defendant Board ADMITS that plaintiff purports to bring the instant action under the laws and statute alleged, but DENIES any liability under the laws and statutes alleged.**

2.      Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

**ANSWER**:    **Defendant Board ADMITS that plaintiff purports to bring the instant action under the law and statute alleged, but DENIES any liability under the law and statute alleged.**

## JURISDICTION AND VENUE

3.      Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

**ANSWER**:    **Defendant Board ADMITS the allegations contained in Paragraph No. 3.**

4.      Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because all events or omissions giving rise to this claim occurred in this district.

3

**ANSWER**:    Defendant Board ADMITS that venue lies in the United States District

Court, Northern District of Illinois pursuant to 28 U.S.C. § 1391.  Defendant Board

DENIES the remaining allegations contained in Paragraph No. 4.

## PARTIES

5.    At all times herein mentioned, plaintiff, STERLING R. GREEN, was and is
a citizen of the United States and resides within the jurisdiction of the court.

**ANSWER**:    Defendant Board ADMITS that during the relevant time period,

plaintiff reported that he lived in Chicago, Illinois.    Defendant Board lacks

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph No. 5.

6.    Plaintiff was a minor at the time of the occurrences stated herein, but is no
longer a minor.

**ANSWER**:    Defendant Board ADMITS that on May 13, 2005, plaintiff was a minor

and ADMITS that plaintiff is no longer a minor.  Defendant Board DENIES the

remaining allegations contained in Paragraph No. 6.

7.    At all times herein mentioned, defendants JULIO HERNANDEZ
(hereinafter HERNANDEZ), DANIEL BERNAL (hereinafter BERNAL), JOSE
MARROQUIN (hereinafter MARROQUIN), WAYNE B. SILAS (hereinafter SILAS),
MARCIE DOJUTREK (hereinafter DOJUTREK), and MARIO GONZALEZ (hereinafter
GONZALEZ) were acting under color of state law.

**ANSWER**:    Defendant Board lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph No. 7.

8.    At all times herein mentioned, defendants HERNANDEZ, BERNAL,
MARROQUIN, and SILAS were acting as the employees or agents of the BOARD OF
EDUCATION OF THE CITY OF CHICAGO. They are being sued in their individual
capacity.

4

**ANSWER**:   Defendant Board ADMITS that at all relevant times mentioned in the complaint, Defendant Silas was acting as an employee or agent of the Board of Education of the City of Chicago and ADMITS that plaintiff purports to bring the instant action against the named individuals in their individual capacities. Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 8.

9.      At all times herein mentioned, defendants HERNANDEZ, BERNAL, MARROQUIN, DOJUTREK, and GONZALEZ were officers in the Chicago Police Department and were acting as employees or agents of defendant CITY OF CHICAGO. They are being sued in their individual capacity.

**ANSWER**:   Defendant Board DENIES that Defendant Marroquin was an officer of the Chicago Police Department.   Defendant Board ADMITS that Defendants Hernandez and Bernal were officers of the Chicago Police Department. Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 9.

10.      Defendant BOARD OF EDUCATION OF THE CITY OF CHICAGO (hereinafter BOARD) was and is a body politic and corporate, duly organized under the laws of the State of Illinois. The BOARD exercises supervision and jurisdiction and oversees the management and operations of the Chicago Public Schools.

**ANSWER**:   Defendant Board ADMITS that the Board is a body politic and corporate and that it exercises general supervision and jurisdiction over the public school system of the City of Chicago.   Defendant DENIES the remaining allegations contained in Paragraph No. 10.

11.      Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**ANSWER**:    Defendant Board lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph No. 11.

## STATEMENT OF FACTS

12.    On May 13, 2005, at approximately 2:00 PM, plaintiff, STERLING R.
GREEN, a minor student at the time, was lawfully in Taft High School, a public school
in Chicago located at 5625 North Natoma, Chicago, Illinois.

**ANSWER**:    Defendant Board ADMITS the allegations contained in Paragraph No.

12.

13.    Defendants HERNANDEZ, BERNAL, and MARROQUIN, security guards
and members of the Chicago Police Department, accused plaintiff of being out of dress
code, seized plaintiff, and attempted to take off his hooded sweatshirt.

**ANSWER**:    Defendant Board DENIES that Defendant Marroquin was an officer of

the Chicago Police Department.    Defendant Board lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph No. 13.

14.    When said defendants seized plaintiff, it was without legal cause.

**ANSWER**:    **DENIED.**

15.    Said defendants fought with plaintiff and used excessive force.

**ANSWER**:    **DENIED.**

16.    Defendant Silas, a dean at the school, as well as defendants DOJUTREK
and GONZALEZ, failed to intervene to protect plaintiff.

**ANSWER**:    Defendant Board ADMITS Defendant Silas is a dean at Taft High

School.    Defendant Board DENIES that Defendant Silas failed to intervene to protect

plaintiff.  Defendant Board lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph No. 16.

17.    Defendants HERNANDEZ, BERNAL, MARROQUIN, SILAS, DOJUTREK, and GONZALEZ placed plaintiff under custodial arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

**ANSWER**:  Defendant Board DENIES there was no probable cause to believe

plaintiff had committed a crime.  Defendant Board lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph No. 17.

18.    Defendants HERNANDEZ, BERNAL, MARROQUIN, SILAS, DOJUTREK, and GONZALEZ caused the false charges of aggravated battery to be filed against plaintiff.

**ANSWER**:  **DENIED.**

19.    Plaintiff was booked, processed, and charged with aggravated battery, and incarcerated for a period of time.

**ANSWER**:  Defendant Board ADMITS that plaintiff was charged with a crime.

Defendant Board lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in Paragraph No. 19.

20.    Defendants HERNANDEZ, BERNAL, MARROQUIN, SILAS, DOJUTREK, and GONZALEZ caused a petition for adjudication of wardship to be filed and prosecuted against plaintiff in the Circuit Court of Cook County, falsely alleging that he was a delinquent minor in that he had committed the offense of aggravated battery.

**ANSWER**:  Defendant Board lacks knowledge or information sufficient to form a

belief as to the truth of the allegation that a petition for adjudication of wardship was

filed and prosecuted against plaintiff in the Circuit Court of Cook County.

Defendant Board DENIES the remaining allegations contained in Paragraph No. 20.

7

21.    An internal investigation by defendant BOARD resulted in a finding on or about January 24, 2006, that defendants HERNANDEZ, BERNAL, and MARROQUIN had used excessive force against plaintiff, STERLING R. GREEN.

**ANSWER:    DENIED.**

22.    Despite the finding of the BOARD, defendants HERNANDEZ, BERNAL, MARROQUIN, SILAS, DOJUTREK, and GONZALEZ continued the prosecution in the Circuit Court of Cook County for another year.

**ANSWER:    Defendant Board DENIES that there was an internal investigation that resulted in a finding of the use of excessive force against plaintiff.  Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 22.**

23.    The aggravated battery charge against plaintiff was dismissed on January 19, 2007.

**ANSWER:    Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 23.**

24.    By reason of the above-described acts and omissions of the individual defendants, plaintiff sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to his damage.

**ANSWER:    DENIED.**

25.    The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

**ANSWER:    DENIED.**

26.    By reason of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiff requests payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the

Equal Access to Justice Act, or any other provision set by law.

**ANSWER**:   **DENIED.**

## COUNT I

### Plaintiff Against Individual Defendants for False Arrest

27.   Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1 - 26, as though set forth herein in their entirety.

**ANSWER**:   **Defendant Board hereby incorporates by reference its answers to Paragraph Nos. 1-26, as if set forth herein in their entirety.**

28.   The stop, seizure, arrest, and incarceration of plaintiff for the purposes of charging him with a false crime were without probable cause and unreasonable.

**ANSWER**:   **Defendant Board makes no answer to Paragraph No. 28 because it is not directed at it.**

29.   By reason of the conduct of the individual defendants, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted there under.  Therefore, the individual defendants, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER**:   **Defendant Board makes no answer to Paragraph No. 29 because it is not directed at it.**

## COUNT II

### Plaintiff Against Defendants HERNANDEZ, BERNAL, and MARROQUIN for Excessive Force

30.   Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1 - 26, as though set forth herein in their entirety.

**ANSWER**:   **Defendant Board hereby incorporates by reference its answers to Paragraph Nos. 1-26, as if set forth herein in their entirety.**

31.    The force used by defendants HERNANDEZ, BERNAL, and MARROQUIN was excessive, unnecessary, unreasonable, and without legal cause.

**ANSWER**:    **Defendant Board makes no answer to Paragraph No. 31 because it is not directed at it.**

32.    By reason of the conduct of these individual defendants, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted there under. Therefore, defendants HERNANDEZ, BERNAL, and MARROQUIN, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER**:    **Defendant Board makes no answer to Paragraph No. 32 because it is not directed at it.**

## COUNT III

### Plaintiff Against Defendants SILAS, DOJUTREK, and GONZALEZ for Failure to Intervene

33.    Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1 - 26, as though set forth herein in their entirety.

**ANSWER**:    **Defendant Board hereby incorporates by reference its answers to Paragraph Nos. 1-26, as if set forth herein in their entirety.**

34.    Defendants SILAS, DOJUTREK, and GONZALEZ had reason to know that plaintiff was arrested, subjected to excessive force, and charged falsely, unjustifiably and without legal cause.

**ANSWER**:    **Defendant Board makes no answer to Paragraph No. 34 because it is not directed at it.**

35.    Defendants had a reasonable opportunity to prevent said arrest, excessive force, and charging from occurring, but did not do so.

**ANSWER**:    **Defendant Board makes no answer to Paragraph No. 35 because it is not directed at it.**

36.    By reason of the conduct of defendants, plaintiff, STERLING R. GREEN, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted there under. Therefore, defendants SILAS, DOJUTREK, and GONZALEZ, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER**:    Defendant Board makes no answer to Paragraph No. 36 because it is not directed at it.


## COUNT IV

### Plaintiff Against All Individual Defendants for Due Process Violations

37.    Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1 - 26, as though set forth herein in their entirety.

**ANSWER**:    Defendant Board hereby incorporates by reference its answers to Paragraph Nos. 1-26, as if set forth herein in their entirety.

38.    The individual defendants deprived plaintiff of fair court proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges, submitting false police reports, giving false information under oath, and otherwise acting to deny plaintiff fair proceedings.

**ANSWER**:    Defendant Board makes no answer to Paragraph No. 38 because it is not directed at it.

39.    These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

**ANSWER**:    Defendant Board makes no answer to Paragraph No. 39 because it is not directed at it.

40.    By reason of the conduct of the individual defendants, plaintiff was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted there under.  Therefore, the individual defendants, and each of them, is

liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:**    **Defendant Board makes no answer to Paragraph No. 40 because it is not directed at it.**

COUNT V

**Plaintiff Against All Defendants for the State Supplemental Claim of Malicious Prosecution**

41.    Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1 - 26, as though set forth herein in their entirety.

**ANSWER:**    **Defendant Board hereby incorporates by reference its answers to Paragraph Nos. 1-26, as if set forth herein in their entirety.**

42.    The individual defendants maliciously caused criminal charges and a petition for wardship to be filed and prosecuted against plaintiff, STERLING R. GREEN. There was no probable cause for the institution of charges against plaintiff.

**ANSWER:**    **Defendant Board DENIES that it took any of the actions alleged in Paragraph No. 42 and DENIES that there was no probable cause for the institution of charges against plaintiff.    Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42.**

43.    The court proceedings were commenced maliciously and continued maliciously, even after an internal investigation confirmed defendants' use of excessive force.

**ANSWER:    DENIED.**

44.    The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written charges, and giving false information under oath.

**ANSWER:**    **Defendant Board DENIES that it took any of the actions alleged in**

**Paragraph No. 44. Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44.**

45.    Plaintiff was wrongfully incarcerated as a direct result of the prosecution of these charges.

**ANSWER:    DENIED.**

46.    Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

**ANSWER:    DENIED.**

47.    The juvenile court proceedings were terminated in plaintiffs favor on January 19, 2007.

**ANSWER:    Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.**

48.    The individual defendants are liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

**ANSWER:    DENIED.**

49.    Defendant BOARD is liable pursuant to the doctrine of respondent superior.

**ANSWER:    DENIED.**

50    Defendant CITY OF CHICAGO is liable pursuant to the doctrine of respondent superior.

**ANSWER:    DENIED.**

WHEREFORE, plaintiff, STERLING R. GREEN, by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

1.    That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

2.    That defendants be required to pay plaintiff special damages,

3.    That defendants, except the BOARD and the CITY OF CHICAGO, be required to pay the plaintiff attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other applicable provision,

4.    That defendants, except the BOARD and the CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

5.    That defendants be required to pay plaintiff costs of the suit herein incurred, and

6.    That plaintiffs be granted such other and further relief as this court may deem just and proper

**ANSWER**:    **Defendant Board DENIES that plaintiff is entitled to any of the alleged relief sought in this paragraph.**

PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.

**ANSWER**:    **Defendant Board seeks a trial by jury in this case.**

Respectfully submitted,

Patrick J. Rocks
General Counsel

By:    s/ Linda Hogan
Linda Hogan
Attorney for Wayne Silas
Board of Education of the City of Chicago
125 S. Clark Street, Suite 700
Chicago, Illinois 60603
773-553-1700

14

## CERTIFICATE OF SERVICE

I, Linda Hogan, an attorney do hereby certify that I caused the attached **Defendant Board's Answer and Affirmative Defenses** to be served upon counsel of record *via* CM-ECF E-Filing pursuant to General Order on Electronic Case Filing, Section XI(C), on this 17th day of March, 2008.

s/Linda Hogan