# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| STERLING R. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  08 C 429 |
| | ) | |
| JULIO HERNANDEZ, DANIEL BERNAL, | ) | JUDGE LINDBERG |
| JOSE MARROQUIN, WAYNE B. SILAS, | ) | MAGISTRATE JUDGE DENLOW |
| MARCIE DOJUTREK, MARIO GONAZLEZ, | ) | |
| BOARD OF EDUCATION OF THE CITY OF | ) | |
| CHICAGO, and CITY OF CHICAGO | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT OFFICER DOJUTREK'S, GONZALEZ' AND DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant Officers Marcie Dojutrek and Mario Gonzalez, by one of their attorneys, Mary McCahill, Assistant Corporation Counsel of the City of Chicago, and Defendant City of Chicago, by its attorney, Mara S. Georges,  (collectively referred to as "Defendants") for its answer to Plaintiff's complaint, affirmative defenses, and jury demand, state as follows:

1.     This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law.  Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

**ANSWER:**     Defendants admit that at all times relevant to the complaint that they were acting under color of law and admit that Plaintiff brings a claim under the Fourth Amendment to the United States Constitution.  Defendant officers deny engaging in any wrongful or  illegal conduct, deny that Plaintiff has properly brought a claim under 28 U.S.C.

§2201 and deny that Plaintiff has properly stated a claim under the Fifth and Fourteenth Amendment.

2.    Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

**ANSWER:**    Defendants admit that Plaintiff brings a claim for malicious prosecution and admit that jurisdiction is proper, but deny engaging in any wrongful or illegal conduct.

## JURISDICTION AND VENUE

3.    Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

**ANSWER:**    Defendants admit that jurisdiction is proper under 28 U.S.C. §1331 and §1367, but deny engaging in any wrongful or illegal conduct and deny the remaining allegations.

4.    Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

**ANSWER:**    Defendants admit that venue is proper, but deny engaging in any wrongful or illegal conduct.

## PARTIES

5.    At all times herein mentioned, plaintiff, STERLING R. GREEN, was and is a citizen of the United States and resides within the jurisdiction of the court.

**ANSWER:**    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6.     Plaintiff was a minor at the time of the occurrences stated herein, but is no longer a minor.

**ANSWER:**    Defendants admit the allegations contained in this paragraph.

7.     At all times herein mentioned, defendants JULIO HERNANDEZ (hereinafter HERNANDEZ0, DANIEL BERNAL (hereinafter BERNAL), JOSE MARROQUIN (hereinafter MARROQUIN), WAYNE B. SILAS (hereinafter SILAS), MARCIE DOJUTREK (hereinafter DOJUTREK), and MARIO GONAZLEZ (hereinafter GONZALEZ) were acting under color of state law.

**ANSWER:**    Defendants admit the allegations contained in this paragraph to the extent they are directed towards them.  Defendants make no answer on behalf of any other named or unnamed Defendants.

8.     At all times herein mentioned, defendants HERNANDEZ, BERNAL, MARROQUIN, and SILAS were acting as the employees or agents of the BOARD OF EDUCATION OF THE CITY OF CHICAGO.  They are being sued in their individual capacity.

**ANSWER:**    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9.     At all times herein mentioned, defendants HERNANDEZ, BERNAL, MARROQUIN, DOJUTREK, and GONAZLEZ were officers in the Chicago Police Department and were acting as employees or agents of defendant CITY OF CHICAGO.  They are being sued in their individual capacity.

**ANSWER:**    Defendants admit that Dojutrek and Gonzalez were officers in the Chicago Police Department and were acting as employees or agents of defendant City of Chicago. Defendants further admit Defendants Doujutrek and Gonzalez are being sued in their individual capacities. Defendant Officers are without information or knowledge sufficient to form a belief

3

as to the truth of the remaining allegations contained in this paragraph.

10.     Defendant BOARD OF EDUCATION OF THE CITY OF CHICAGO (hereinafter BOARD) was and is a body politic and corporate, duly organized under the laws of the State of Illinois.  The BOARD exercise supervision and jurisdiction and oversees the management and operations of the Chicago Public Schools.

**ANSWER:**    Defendants admit, upon information and belief, the allegations contained

in this paragraph.

11.     Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois.  Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**ANSWER:**    Defendants admit the allegations contained in this paragraph.

## STATEMENT OF FACTS

12.     On May 13, 2005, at approximately 2:00 PM, plaintiff, STERLING R. GREEN, a minor student at the time, was lawfully in Taft High School, a public school in Chicago located at 5625 North Natoma, Chicago, Illinois.

**ANSWER:**    Defendants admit upon information and belief that on May 13, 2005, at

approximately 2:00 PM, plaintiff, Sterling R. Green, a minor student at the time, was in Taft

High School, a public school in Chicago located at 5625 North Natoma, Chicago, Illinois.

Defendants are without information or knowledge sufficient to form a belief as to the truth of the

remaining allegations contained in this paragraph.

13.     Defendants HERNANDEZ, BERNAL, and MARROQUIN, security guards and members of the Chicago Police Department, accused plaintiff of being out of dress code, seized plaintiff, and attempted to take off his hooded sweatshirt.

4

**ANSWER:**    Defendants admit upon information and belief that one or more security guards accused plaintiff of being out of dress code, seized plaintiff and attempted to take off his hooded sweatshirt.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

14.    When said defendants seized plaintiff, it was without legal cause.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

15.    Said defendants fought with plaintiff and used excessive force.

**ANSWER:**    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16.    Defendant SILAS, a dean at the school, as well as defendants DOJUTREK and GONAZLEZ, failed to intervene to protect plaintiff.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

17.    Defendants HERNANDEZ, BERNAL, MARROQUIN, SILAS, DOJUTREK, and GONZALEZ placed plaintiff under custodial arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

18.    Defendants HERNANDEZ, BERNAL, MARROQUIN, SILAS, DOJUTREK, and GONZALAZ caused the false charges of aggravated battery to be filed against plaintiff.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

19.    Plaintiff was booked, processed, and charged with aggravated battery, and incarcerated for a period of time.

5

**ANSWER:**    Defendants admit upon information and belief that plaintiff was booked, processed, charged with simple battery and place in custody for a period of time.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff was charged with aggravated battery.  Defendants deny the remaining allegations contained in this paragraph.

20.    Defendants HERNANDEZ, BERNAL, MARROQUIN, SILAS, DOJUTREK, and GONZALEZ caused a petition for adjudication of wardship to be filed and prosecuted against plaintiff in the Circuit Court of Cook County, falsely alleging that he was a delinquent minor in that he had committed the offense of aggravated battery.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

21.    An internal investigation by defendant BOARD resulted in a finding on or about January 24, 2006, that defendants HERNANDEZ, BERNAL, and MARROQUIN had used excessive force against plaintiff, STERLING R. GREEN.

**ANSWER:**    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22.    Despite the finding of the BOARD, defendants HERNANDEZ, BERNAL, MARROQUIN, SILAS, DOJUTREK, and GONZALEZ continued the prosecution in the Circuit Court of Cook County for another year.

**ANSWER:**    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph because they are vague and amount to a legal conclusion.

23.    The aggravated battery charge against plaintiff was dismissed on January 19, 2007.

**ANSWER:**     Defendants are without information or knowledge sufficient to form a

belief as to the truth of the allegations contained in this paragraph.

24.     By reason of the above-described acts and omissions of the individual defendants, plaintiff sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to his damage.

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

25.     The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

26.     By reason of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights.  By reason thereof, plaintiff requests payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER:**     Defendants deny the allegations contained in this paragraph.


**COUNT I**
**Plaintiff Against Individual Defendants for False Arrest**

27.     Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1-26, as though set forth herein in their entirety.

**ANSWER:**     Defendant Officers restate their answers to paragraphs 1-26 as though fully

set forth herein.

28.     The stop, seizure, arrest, and incarceration of plaintiff for the purposes of charging

7

him with a false crime were without probable cause and unreasonable.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

29.    By reason of the conduct of the individual defendants, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, the individual defendants, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants pray that this Court enter judgment in their favor, award

defendants such costs and fees as allowed by law, and grant such further relief as this Court

deems just and proper.

**COUNT II**
**Plaintiff Against Defendants HERNANDEZ, BERNAL, and MARROQUIN**
**for Excessive Force**

30.    Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1-26, as though set forth herein in their entirety.

**ANSWER:**    Defendants restate their answers to paragraphs 1-26 as though fully set

forth herein.

31.    The force used by defendants HERNANDEZ, BERNAL, and MARROQUIN was excessive, unnecessary, unreasonable, and without legal cause.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

32.    By reason of the conduct of defendants, plaintiff STERLING R. GREEN, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore,

defendants SILAS, DOJUTREK and GONZALEZ, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants pray that this Court enter judgment in their favor, award defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.


### COUNT III
### Plaintiff Against Defendants, SILAS, DOJUTREK, and GONZALEZ
### for Failure to Intervene

33.    Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1 - 26, as though set forth herein in their entirety.

**ANSWER:**    Defendants restate their answers to paragraphs 1-26 as though fully set forth herein.


34.    Defendants SILAS, DOJUTREK, and GONZALEZ had reason to know that plaintiff was arrested, subjected to excessive force, and charged falsely, justifiably and without legal cause.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.


35.    Defendants had a reasonable opportunity to prevent said arrest, excessive force, and charging from occurring, but did not do so.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.


36.    By reason of the conduct of defendants, plaintiff, STERLING R. GREEN, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  therefore, defendants SILAS, DOJUTREK, and GONZALEZ, and each of them, is liable to plaintiff

pursuant to 42 U.S.C. §1983.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants pray that this Court enter judgment in their favor, award defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT IV
### Plaintiff Against All Individual Defendants for Due Process Violations

37.    Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1-26, as though set forth herein in their entirety.

**ANSWER:**    Defendants restate their answers to paragraphs 1-26 as though fully set forth herein.

38.    The individual defendants deprived plaintiff of fair court proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges, submitting false police reports, giving false information under oath, and otherwise acting to deny plaintiff fair proceedings.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

39.    These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

40.    By reason of the conduct of the individual defendants, plaintiff was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

10

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants pray that this Court enter judgment in their favor, award defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT V
### Plaintiff Against All Defendants for the State Supplemental Claim
### of Malicious Prosecution

41.    Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1-26, as though set forth herein in their entirety.

**ANSWER:**    Defendants restate their answers to paragraphs 1-26 as though fully set forth herein.

42.    The individual defendants maliciously caused criminal charges and a petition for wardship to be filed and prosecuted against plaintiff, STERLING R. GREEN.  There was no probable cause for the institution of charges against plaintiff.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

43.    The court proceedings were commenced maliciously and continued maliciously, even after an internal investigation confirmed defendants' use of excessive force.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

44.    The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written charges, and giving false information under oath.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

45.    Plaintiff was wrongfully incarcerated as a direct result of the prosecution of these charges.

11

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

46.    Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

47.    The juvenile court proceedings were terminated in plaintiff's favor on January 19, 2007.

**ANSWER:**    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

48.    The individual defendants are liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

49.    Defendant BOARD is liable pursuant to the doctrine of *respondeat superior.*

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

50.    Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior.*

**ANSWER:**    Defendants deny that Defendant Officers engaged in any wrongful or illegal conduct such that would render the City of Chicago liable under the doctrine of *respondeat superior.*

WHEREFORE, Defendants pray that this Court enter judgment in their favor, award defendants such costs and fees as allowed by law, and grant such further relief as this Court

deems just and proper.

## JURY DEMAND

Defendant Officers hereby request trial by jury.

## <u>AFFIRMATIVE DEFENSES</u>

1.    At all times material to the events alleged in Plaintiff's Amended Complaint, reasonable police officers objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Officers possessed.  Defendant Officers, therefore, are entitled to qualified immunity on Plaintiff's Federal law claims.

2.    Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts.  See 745 ILCS 10/2-201 (1998).

3.    Defendant Officers are not liable for injuries claimed in the state law count because, as public employees, they are not liable for acts or omissions in execution or enforcement of the law, unless their conduct constitutes wilful and wanton conduct.  See 745 ILCS 10/2-202 (1998).  Defendant Officers were engaged in the execution and enforcement of the law and did not engage in any wilful and wanton conduct.

4.    Defendant Officers are not liable for injuries claimed under the state law count because they are not liable for injuries caused by the acts or omission of other persons.  See 745 ILCS 10/2-204 (1998).

5.     Under Illinois Tort immunity law, Defendant Officers are not liable for

13

injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208.

6.    Any award of damages against Defendant Officers shall be reduced in proportion to the comparative fault of the Plaintiff's own intentional or wilful and wanton conduct which proximately caused the claimed injuries and damages.

7.    To the extent that Plaintiff is alleging a claim pursuant the Fifth Amendment, it should be dismissed.  The "Due Process Clause of the  Fifth Amendment's applies only to federal officials." <u>LaBoy v. Zuley</u>, 747 F. Supp./ 1284, 1286 (N.D. Ill. 1990) (citation omitted).  Hence, since Plaintiff alleges that the Defendant Officers are City of Chicago Police Officers and not agents of the federal government, Plaintiff's Fifth Amendment claim must be dismissed.

8.    To the extent that plaintiff is making a due process claim, his complaint should be dismissed.  Plaintiff cannot state a claim for violation of his substantive due process rights. "Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871 (1989).  See also Albright v. Oliver, 510 U.S. 266, 275, 114 S. Ct. 807, 813 (1994);  Mays v. City of East St. Louis, 123 F.3d 999, 1002 (7th Cir. 1997).

Respectfully submitted,


/s/ Mary McCahill
MARY McCAHILL, Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-6404
(312) 744-6566 (Fax)
Atty. No. 06277989

**DATED: APRIL 14, 2008**

15

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| STERLING R. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO.  08 C 429 |
| JULIO HERNANDEZ, DANIEL BERNAL, | ) | JUDGE LINDBERG |
| JOSE MARROQUIN, WAYNE B. SILAS, | ) | MAGISTRATE JUDGE DENLOW |
| MARCIE DOJUTREK, MARIO GONAZLEZ, | ) | |
| BOARD OF EDUCATION OF THE CITY OF | ) | |
| CHICAGO, and CITY OF CHICAGO | ) | |
| Defendants. | ) | |

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

To:     Irene K. Dymkar
        ED FOX & ASSOCIATES
        300 West Adams Street - Suite 330
        Chicago, Illinois 60606-5107

**PLEASE TAKE NOTICE** that on this 14th day of April 2008, I have caused to be e-filed with the Clerk of the  United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT OFFICER DOJUTREK'S, GONZALEZ' AND DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND**, a copy of which is herewith served upon you.

I hereby certify that this notice and the attached document will be delivered via e-filing to the person named above at the address shown this 14th day of April 2008.

Respectfully submitted,

By:     /s/ Mary McCahill
        MARY MCCAHILL, Assistant Corporation Counsel

30 North LaSalle Street, Room 1400
Chicago, Illinois 60602
(312) 742-6404
Attorney No. 6277989