UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STERLING R. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  08 C 429 |
| | ) | |
| v. | ) | Judge Lindberg |
| | ) | |
| JULIO HERNANDEZ, DANIEL BERNAL, JOSE MARROQUIN, WAYNE B. SILAS, MARCIE DOJUTREK, MARIO GONZALEZ, BOARD OF EDUCATION OF THE CITY OF CHICAGO, and CITY OF CHICAGO, | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |

**DEFENDANT HERNANDEZ AND BERNAL'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, Julio Hernandez and Daniel Bernal, (hereinafter, "Hernandez" and "Bernal") by their attorney's General Counsel Patrick J. Rocks, and Assistant General Counsel James J. Seaberry, answer Plaintiff's complaint as follows:

**NATURE OF CLAIM**

1.     This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law.  Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

**ANSWER**:   Hernandez and Bernal admit that plaintiff brings his claim under the statute alleged, but deny any inference of validity of plaintiff's claims or of any wrongdoing.

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

**ANSWER: Hernandez and Bernal admit that plaintiff seeks supplemental jurisdiction as alleged, but deny any inference of validity of plaintiff's claims or of any wrongdoing.**

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

**ANSWER: Hernandez and Bernal admit jurisdiction as alleged, but deny any inference of validity of plaintiff's claims or of any wrongdoing.**

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because all events or omissions giving rise to this claim occurred in this district.

**ANSWER: Hernandez and Bernal admit venue as alleged, but deny any inference of validity of plaintiff's claims or of any wrongdoing.**

## PARTIES

5. At all times herein mentioned, plaintiff, STERLING R. GREEN, was and is a citizen of the United States and resides within the jurisdiction of the court.

**ANSWER: Hernandez and Bernal lack sufficient knowledge or information to form a belief as to the truth of the allegations in par. 5.**

6. Plaintiff was a minor at the time of the occurrences stated herein, but is no longer a minor.

**ANSWER: Hernandez and Bernal admit the allegations in paragraph 6.**

7. At all times herein mentioned, defendants JULIO HERNANDEZ (hereinafter HERNANDEZ), DANIEL BERNAL (hereinafter BERNAL), JOSE MARROQUIN (hereinafter MARROQUIN), WAYNE B. SILAS (hereinafter SILAS), MARCIE DOJUTREK (hereinafter DOJUTREK), and MARIO GONZALEZ (hereinafter

GONZALEZ) were acting under color of state law.

**ANSWER:**   **Hernandez and Bernal admit that they were acting under color of law, but lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding any other named defendants.**

      8.    At all times herein mentioned, defendants HERNANDEZ, BERNAL, MARROQUIN, and SILAS were acting as the employees or agents of the BOARD OF EDUCATION OF THE CITY OF CHICAGO. They are being sued in their individual capacity.

**ANSWER:**   **Hernandez and Bernal admit that they were employees of the BOARD OF EDUCATION, but lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding any other named defendants.  Hernandez and Bernal admit they are sued individually but deny any inference of validity of Plaintiff's claims.**

      9.    At all times herein mentioned, defendants HERNANDEZ, BERNAL, MARROQUIN, DOJUTREK, and GONZALEZ were officers in the Chicago Police Department and were acting as employees or agents of defendant CITY OF CHICAGO. They are being sued in their individual capacity.

**ANSWER:**   **Hernandez and Bernal admit that they were at all times sworn police officers, but deny that they were acting as employees of CITY OF CHICAGO, and lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding any other named defendants.  Hernandez and Bernal admit they are sued individually but deny any inference of validity of Plaintiff's claims.**

      10.    Defendant BOARD OF EDUCATION OF THE CITY OF CHICAGO (hereinafter BOARD) was and is a body politic and corporate, duly organized under the laws of the State of Illinois. The BOARD exercises supervision and jurisdiction and oversees the management and operations of the Chicago Public Schools.

**ANSWER:**   **Admit.**

11. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**ANSWER:** **Admit.**

## STATEMENT OF FACTS

12. On May 13, 2005, at approximately 2:00 PM, plaintiff, STERLING R. GREEN, a minor student at the time, was lawfully in Taft High School, a public school in Chicago located at 5625 North Natoma, Chicago, Illinois.

**ANSWER:** **Hernandez and Bernal deny par. 12, as plaintiff's conduct constituted violations of law and Board policies and rules.**

13. Defendants HERNANDEZ, BERNAL, and MARROQUIN, security guards and members of the Chicago Police Department, accused plaintiff of being out of dress code, seized plaintiff, and attempted to take off his hooded sweatshirt.

**ANSWER:** **Hernandez and Bernal admit that they were security guards and police officers, and deny the remaining allegations.**

14. When said defendants seized plaintiff, it was without legal cause.

**ANSWER:** **Hernandez and Bernal admit that they were security guards and police officers, and deny the remaining allegations.**

15. Said defendants fought with plaintiff and used excessive force.

**ANSWER:** **Hernandez and Bernal admit that they were security guards and police officers, and deny the remaining allegations.**

16. Defendant Silas, a dean at the school, as well as defendants DOJUTREK and GONZALEZ, failed to intervene to protect plaintiff.

**ANSWER:** **Hernandez and Bernal lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16.**

17. Defendants HERNANDEZ, BERNAL, MARROQUIN, SILAS, DOJUTREK,

4

and GONZALEZ placed plaintiff under custodial arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

**ANSWER:**   **Hernandez and Bernal admit that plaintiff was placed under arrest, and deny the remaining allegations of this paragraph.**

18.   Defendants HERNANDEZ, BERNAL, MARROQUIN, SILAS, DOJUTREK, and GONZALEZ caused the false charges of aggravated battery to be filed against plaintiff.

**ANSWER:**   **Denied.**

19.   Plaintiff was booked, processed, and charged with aggravated battery, and incarcerated for a period of time.

**ANSWER:**   **Hernandez and Bernal admit that plaintiff was charged as alleged, but lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.**

20.   Defendants HERNANDEZ, BERNAL, MARROQUIN, SILAS, DOJUTREK, and GONZALEZ caused a petition for adjudication of wardship to be filed and prosecuted against plaintiff in the Circuit Court of Cook County, falsely alleging that he was a delinquent minor in that he had committed the offense of aggravated battery.

**ANSWER:**   **Denied.**

21.   An internal investigation by defendant BOARD resulted in a finding on or about January 24, 2006, that defendants HERNANDEZ, BERNAL, and MARROQUIN had used excessive force against plaintiff, STERLING R. GREEN.

**ANSWER:**   **Denied.**

22.   Despite the finding of the BOARD, defendants HERNANDEZ, BERNAL, MARROQUIN, SILAS, DOJUTREK, and GONZALEZ continued the prosecution in the Circuit Court of Cook County for another year.

**ANSWER:**   **Denied.**

23.   The aggravated battery charge against plaintiff was dismissed on January 19, 2007.

5

**ANSWER:   Hernandez and Bernal admit that plaintiff's case was non-suited, as Hernandez and Bernal were engaged in a conflicting homicide court appearance, but deny any inference that plaintiff's case was dismissed with any finding on the merits.**

24.     By reason of the above-described acts and omissions of the individual defendants, plaintiff sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to his damage.

**ANSWER:   Denied.**

25.     The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

**ANSWER:   Denied.**

26.     By reason of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiff requests payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER:   Hernandez and Bernal deny each allegation in paragraph 26 and any inference that Plaintiff is entitled to any fees.**

COUNT I

**Plaintiff Against Individual Defendants for False Arrest**

27.     Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1 - 26, as though set forth herein in their entirety.

**ANSWER:   Hernandez and Bernal incorporate and re-allege their answers to pars. 1-26 as their answer to par. 27 as if fully set forth herein.**

28. The stop, seizure, arrest, and incarceration of plaintiff for the purposes of charging him with a false crime were without probable cause and unreasonable.

ANSWER:   Denied.

29. By reason of the conduct of the individual defendants, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted there under. Therefore, the individual defendants, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

ANSWER:   Denied.

## COUNT II

### Plaintiff Against Defendants HERNANDEZ, BERNAL, and MARROQUIN for Excessive Force

30. Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1 - 26, as though set forth herein in their entirety.

**ANSWER:   Hernandez and Bernal incorporate and re-allege their answers to paragraphs 1-26 as their answer to par. 30 as if fully set forth herein**.

31. The force used by defendants HERNANDEZ, BERNAL, and MARROQUIN was excessive, unnecessary, unreasonable, and without legal cause.

ANSWER:   Denied.

32. By reason of the conduct of these individual defendants, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted there under. Therefore, defendants HERNANDEZ, BERNAL, and MARROQUIN, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

ANSWER:   Denied.

## COUNT III

### Plaintiff Against Defendants SILAS, DOJUTREK, and GONZALEZ for Failure to Intervene

33. Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1 - 26, as though set forth herein in their entirety.

**ANSWER:** Hernandez and Bernal make no answer to these allegations of Count III as it is not directed to them.

34. Defendants SILAS, DOJUTREK, and GONZALEZ had reason to know that plaintiff was arrested, subjected to excessive force, and charged falsely, unjustifiably and without legal cause.

**ANSWER:** Hernandez and Bernal make no answer to these allegations of Count III as it is not directed to them.

35. Defendants had a reasonable opportunity to prevent said arrest, excessive force, and charging from occurring, but did not do so.

**ANSWER:** Hernandez and Bernal make no answer to these allegations of Count III as it is not directed to them.

36. By reason of the conduct of defendants, plaintiff, STERLING R. GREEN, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted there under. Therefore, defendants SILAS, DOJUTREK, and GONZALEZ, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:** Hernandez and Bernal make no answer to these allegations of Count III as it is not directed to them.

## COUNT IV

### Plaintiff Against All Individual Defendants for Due Process Violations

37. Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1 - 26, as though set forth herein in their entirety.

**ANSWER:** Hernandez and Bernal incorporate and re-allege their answers to pars. 1-26 as their answer to par. 37 as if fully set forth herein.

38. The individual defendants deprived plaintiff of fair court proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges, submitting false police reports, giving

8

false information under oath, and otherwise acting to deny plaintiff fair proceedings.

**ANSWER:** **Hernandez and Bernal deny paragraph 38 as it is directed to them but lack sufficient knowledge or information to form a belief as to the truth of the allegations directed to any other defendant.**

39.  These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

**ANSWER:** **Hernandez and Bernal deny paragraph 38 as it is directed to them but lack sufficient knowledge or information to form a belief as to the truth of the allegations directed to any other defendant.**

40.  By reason of the conduct of the individual defendants, plaintiff was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted there under. Therefore, the individual defendants, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:** **Hernandez and Bernal deny paragraph 38 as it is directed to them but lack sufficient knowledge or information to form a belief as to the truth of the allegations directed to any other defendant.**

COUNT V

**Plaintiff Against All Defendants for the
State Supplemental Claim of Malicious Prosecution**

41.  Plaintiff, STERLING R. GREEN, incorporates and realleges paragraphs 1 - 26, as though set forth herein in their entirety.

**ANSWER:** **Hernandez and Bernal incorporate and re-allege their answers to pars. 1-26 as their answer to par. 41 as if fully set forth herein.**

42.  The individual defendants maliciously caused criminal charges and a petition for wardship to be filed and prosecuted against plaintiff, STERLING R. GREEN. There was no probable cause for the institution of charges against plaintiff.

9

**ANSWER:** Hernandez and Bernal deny paragraph 38 as it is directed to them but lack sufficient knowledge or information to form a belief as to the truth of the allegations directed to any other defendant.

43. The court proceedings were commenced maliciously and continued maliciously, even after an internal investigation confirmed defendants' use of excessive force.

**ANSWER:** Hernandez and Bernal deny paragraph 38 as it is directed to them but lack sufficient knowledge or information to form a belief as to the truth of the allegations directed to any other defendant.

44. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written charges, and giving false information under oath.

**ANSWER:** Hernandez and Bernal deny paragraph 38 as it is directed to them but lack sufficient knowledge or information to form a belief as to the truth of the allegations directed to any other defendant.

45. Plaintiff was wrongfully incarcerated as a direct result of the prosecution of these charges.

**ANSWER:** Denied.

46. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

**ANSWER:** Denied.

47. The juvenile court proceedings were terminated in plaintiffs [sic] favor on January 19, 2007.

**ANSWER:** Denied, as the proceedings were non-suited without findings in favor of plaintiff on the merits.

  48. The individual defendants are liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

ANSWER: Denied.

  49. Defendant BOARD is liable pursuant to the doctrine of respondent superior.

ANSWER: **Hernandez and Bernal deny any liability of the Board for any actions directed at them as they deny wrongdoing. Hernandez and Bernal lack sufficient knowledge or information to form a belief as to the truth of the allegation in par. 49 as directed to any other defendant.**

  50 Defendant CITY OF CHICAGO is liable pursuant to the doctrine of respondent superior.

ANSWER: **Hernandez and Bernal deny any liability of the Board for any actions directed at them as they deny wrongdoing. Hernandez and Bernal lack sufficient knowledge or information to form a belief as to the truth of the allegation in par. 49 as directed to any other defendant.**

### AFFIRMATIVE DEFENSES

1. Any award of damages against Defendants Hernandez and Bernal shall be reduced in proportion to the comparative fault to the plaintiff's own wrongful conduct which proximately caused any claimed injuries and damages.

2. Defendants Hernandez and Bernal are entitled to qualified immunity for any claimed constitutional violations under 42 U.S.C. Section 1983 reasonable police officers performing discretionary functions, because objectively viewing the facts and circumstances that defendants Hernandez and Bernal encountered, they reasonably believed their actions to be lawful in light of clearly established law and the information they possessed.

3. As to all of Plaintiff's state claims, Defendants Hernandez and Bernal serve in a position involving the determination of policy or the exercise of

|   |   |
|---|---|
|   | discretion and therefore are immune from liability for any injury resulting from their act or omission in determining policy when acting in the exercise of such discretion. 745 ILCS 10/2-201. |
| 4. | As to all of Plaintiff's state claims, Defendants Hernandez and Bernal are public employees and are immune from liability for their acts or omissions in the execution or enforcement of any law. Defendants Hernandez and Bernal did not engage in any act or omission that constitutes willful and wanton conduct. 745 ILCS 10/2-202. |
| 5. | As to all of Plaintiff's state claims, Defendants Hernandez and Bernal at all time acted within the scope of their employment as public employees and are immune from liability for any injury caused by the act or omission of another person. 745 ILCS 10/2-204. |
| 6. | As to all of Plaintiff's state claims, Plaintiff's prayer for punitive damages must fail as Defendants Hernandez and Bernal are public employees and are immune from liability to pay punitive or exemplary damages. 745 ILCS 10/2-213. |

<u>**Jury Demand**</u>

Defendants Hernandez and Bernal demand trial by jury.

        Respectfully submitted,

        Patrick J. Rocks
        General Counsel

By:    s/ James J. Seaberry
        James J. Seaberry
        Attorney for J. Hernandez and D. Bernal
        Board of Education of the City of
        Chicago – Law Department
        125 S. Clark Street, Suite 700
        Chicago, Illinois 60603
        773-553-1700

**CERTIFICATE OF SERVICE**

    I, James J. Seaberry, an attorney do hereby certify that I caused the attached **Defendant Hernandez and Bernal Answer and Affirmative Defenses** to be served upon counsel of record *via* CM-ECF E-Filing pursuant to General Order on Electronic Case Filing, Section XI(C), on this 14th day of April, 2008.

                                                                  s/James J. Seaberry